IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

KEVIN ULLRICH, )
)
        Plaintiff, )
)
vs. ) Case No. 12-3370-CV-S-ODS
)
OWNERS INSURANCE COMPANY, )
)
        Defendant. )

ORDER AND OPINION GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending is Defendant's Motion for Partial Summary Judgment. (Doc. # 30). Plaintiff did not respond to Defendant's Motion and the time for doing so has passed. The Motion is granted.

I. BACKGROUND

The following facts are derived from Defendant's Statement of Uncontroverted Facts. Plaintiff alleges he was involved in a motor vehicle accident on March 22, 2011. SOF ¶ 1. Plaintiff alleges the accident was caused by the negligence of another driver, Raymond Jetton. SOF ¶ 2. Plaintiff made a liability claim against Mr. Jetton and Mr. Jetton's insurer paid Plaintiff $100,000 in settlement of the claim. SOF ¶ 3. Plaintiff alleges he suffered damages in excess of $100,000. SOF ¶ 4. At the time of the accident, Plaintiff alleges he was driving a vehicle owned by him and insured through a policy of insurance ("the policy") issued by Defendant. SOF ¶ 5. Plaintiff alleges the policy contains underinsured motorist coverage for four separate vehicles including the vehicle driven by Plaintiff at the time of the accident and that a total of $1,200,000 in underinsured motorist coverage is available for the accident because Plaintiff can stack the coverage from each vehicle. SOF ¶ 6 (Plaintiff's Petition ¶ 11). The policy specifically provided coverage for the vehicle Plaintiff was driving and provided $300,000 in underinsured motorist coverage. SOF ¶ 8. The policy contains the following

provision:

***

UNDERINSURED MOTORIST COVERAGE
Automobile Policy

It is agreed:

***

2. COVERAGE

> a. We will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an underinsured automobile because of bodily injury sustained by an insured person while occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy.
>
> b. If the first named insured in the Declarations is an individual, this coverage is extended as follows:
>
>> (1) We will pay compensatory damages, including but not limited to loss of consortium, you are legally entitled to recover from the owner or operatory of any underinsured automobile because of bodily injury you sustain:
>>
>>> a. When you are not occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy; or
>>>
>>> b. When occupying an automobile you do not own which is not covered by SECTION II – LIABILITY COVERAGE of the policy.

***

SOF ¶ 9.   The policy defines "your automobile" as one that is "described in the Declarations."   SOF ¶ 10.   The policy also contains the following language:

***

4. LIMIT OF LIABILITY

> a. Subject to the limits of liability stated in the Declarations for Underinsured Motorist Coverage, our limit of liability shall not exceed the lowest of:
>
>> (1) the amount by which the Underinsured Motorist Coverage Limits stated in the Declarations exceed the total limits of all bodily injury liability bonds

2

Case 6:12-cv-03370-ODS   Document 37   Filed 05/15/13   Page 2 of 6

> and liability insurance policies available to the owner of operate of the underinsured automobile; or
>
> (2) the amount by which compensatory damages, including but not limited to loss of consortium, because of bodily injury exceed the total limits of such bodily injury liability bonds and liability insurance policies.
>
> b. The limit of liability is not increased because of the number of:
>
> > (1) automobiles shown or premiums charged in the Declarations;
> >
> > (2) claims made or suits brought;
> >
> > (3) persons injured; or
> >
> > (4) automobiles involved in the occurrence.
>
> \*\*\*
>
> e. When Underinsured Motorist Coverage applies to two or more automobiles, the limit of liability for "each person" may not be stacked, to provide higher limits of liability than would apply if coverage would apply to only one automobile.
>
> \*\*\*

SOF ¶ 11.

On June 20, 2012, Plaintiff filed a Petition in the Circuit Court of Greene County, Missouri against Defendant. Plaintiff's pleading contains three counts: (1) Count I--breach of contract; (2) Count II--vexatious refusal to pay; and (3) Count III--bad faith. On August 2, 2012, the case was removed to federal court. On September 12, 2012, the Court granted Defendant's Motion to Dismiss Count III. (Doc. # 19). On March 5, 2013, Defendant moved for Partial Summary Judgment. (Doc. # 30). Plaintiff's Suggestions in Opposition to Defendant's Motion were due March 29, 2013. On April 2, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause why the Court should not grant Defendant's Motion on or before April 16, 2013. Plaintiff never filed objections and the time for doing so has passed. The Court will now consider Defendant's Motion for Partial Summary Judgment.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

Under Missouri law, "[s]tacking refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy as when an insured has one policy which covers more than one vehicle." *Karscig v. McConville*, 303 S.W.3d 499, 501 n. 3 (Mo 2010) (en banc) (quoting *Niswonger v. Farm Bureau Town & Country Ins. Co.*, 992 S.W.2d 308, 313 (Mo. App. 1999)). Missouri courts have recognized anti-stacking clauses as valid because an insured and an insurer are free to define and limit coverage by their agreement. *Rodriguez v. General Acc. Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. 1991) (en banc). "[T]he existence of the coverage and its ability to be stacked are determined by the contract entered between the insured and the insurer." *Id.* If the

policy language is unambiguous in disallowing stacking, the anti-stacking provisions are enforceable. *Taylor v. State Farm Mut. Auto Ins. Co.*, 368 S.W.3d 174, 178-79 (Mo. Ct. App. 2012). However, if the policy language is ambiguous as to stacking, then the language must be construed against the insurer and stacking will be allowed. *Id.*

In *O'Rourke v. Esurance Ins. Co.*, an insured claimed she was entitled to stack coverage because her policy insured two vehicles. 325 S.W.3d 395, 397 (Mo. Ct. App. 2010). However, the insured's policy contained an anti-stacking provision. *Id.* at 397-87. The policy read:

> The limit of liability shown in the Declarations for each person for Bodily Injury liability is our maximum limit of liability for all damages, including damages for care, loss or services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit for liability for all damages for "bodily injury" resulting from any one auto accident.
>
> This is the most we will pay regardless of the number of:
>
>     1. "Insureds";
>     2. Claims made;
>     3. Vehicles or premiums shown in the Declaration; or
>     4. Vehicles involved in the accident.

325 S.W.3d at 397. The Missouri Court of Appeals held that the policy unambiguously prevented stacking the coverage provided for the two insured vehicles, only one of which was involved in the accident. *Id.*

Here, Plaintiff's allegation that he is entitled to stack coverage for four separate vehicles is contrary to the unambiguous terms of the policy. Section e. of Plaintiff's policy states:

> e. When Underinsured Motorist Coverage applies to two or more automobiles, the limit of liability for "each person" may not be stacked, to provide higher limits of liability than would apply if coverage would apply to only one automobile.

SOF ¶ 11. This language unambiguously prohibits stacking coverage for multiple

vehicles. Further, Plaintiff's policy language is almost identical to the anti-stacking policy in *O'Rourke*—both polices stated that the limit of liability would not be increased because of the number of automobiles shown or premiums charged in the declarations. SOF ¶ 11. The Court concludes that in viewing the evidence in the light most favorable to Plaintiff, Plaintiff is precluded from stacking his coverage because his policy unambiguously prohibits stacking coverage for multiple insured vehicles.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff is prohibited from stacking coverage and Plaintiff's underinsured motorist coverage limit of coverage under the policy is $300,000. The Court grants Defendant partial summary judgment on this issue.

IT IS SO ORDERED.

DATE: May 15, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT